*Court of Quarter Sessions, Dauphin County, January 16th, 1854.*

IN THE MATTER OF THE PETITION OF ANTES TO VACATE A STREET IN HARRISBURG.

The court has no power to vacate a street laid out in an incorporated borough.

BY THE COURT.—The highway asked to be vacated in this petition is a street in the borough of Harrisburg, laid out pur-

[In the matter of the Petition of Antes to vacate a Street in Harrisburg.]

suant to an act of Assembly authorizing the Court of Quarter Sessions in this county to lay out and widen streets in said borough. It clearly appears that this is not an ordinary road or highway established by an order of the Quarter Sessions, but a street located by the report of twelve viewers and the county commissioners, as provided in the special act, and does not come within the general road laws. Has the Court of Quarter Sessions power to vacate it? If so, must it be done by an ordinary view, or the action of twelve men—the same authority by which it was laid out? By the general road laws, jurisdiction is given to the Courts of Quarter Sessions to vacate or change any street in an *unincorporated village;* but the same law prohibits the court from " vacating a lane, street, or highway, in any city, borough, town, or village laid out by the late proprietaries, or by any other person, and dedicated to the public use." The words of this act are not very clear, and in their construction something depends upon the punctuation; but taken in connection with the other permission expressly giving authority to change or vacate the streets, etc., in an unincorporated town, it appears pretty clearly that the intention was to withhold the power in regard to the streets and alleys in cities and boroughs. *Expressio unius exclusio est alterius.* Therefore the court possessed the power to lay out this street, but has no authority to vacate it. If it has, a street laid out and adjudged necessary in the opinion of twelve viewers, carefully selected for their impartiality from the county alone, excluding the borough, might, as soon as located, opened, and the damage paid, be vacated by the decision of six men appointed from the county at large, including the borough. We cannot believe that the legislature so intended. If the sessions possessed jurisdiction, we should not consider it a sound exercise of legal discretion to appoint viewers to vacate the street in this particular case. We are asked to decide on this petition, that the street proposed to be vacated never had legal existence, as no width was fixed by the court or viewers, and the whole proceeding was void, because the damages were not assessed and paid, and the street opened. These are questions which we are not required to decide in this form of proceeding. The party who avers that the property remains in him, can test that question in a legal way, when disputed facts may be determined by a jury, and points of law reviewed by the Supreme Court. If the street has no existence for want of width, on assessment and payment of damages, there are methods of determining without this court giving an extra-judicial opinion. We will endeavor to decide the question, when it fairly and legitimately arises. The application of the petitioner is rejected.